IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2054-FL

| | |
|---|---|
| AUGUSTINE AMUAH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JONATHAN MINER, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the motion to dismiss, or in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE # 5) of respondent Jonathan Miner ("respondent").[2] Petitioner did not respond to respondent's motion. In this posture, the matter is ripe for adjudication. For the following reasons, respondent's motion is granted.

## STATEMENT OF THE CASE

On March 21, 2011, petitioner, a federal inmate housed as Rivers Correctional Institution ("Rivers"),[3] filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241, challenging the results of his June 14, 2010 disciplinary convictions. Respondent filed a motion for summary judgment on

---

[1] Because respondent attached matters that are outside of the scope of the pleadings, the motion to dismiss will be treated as a motion for summary judgment pursuant to Rule 56.

[2] Bureau of Prisons Discipline Hearing Officer Oversight Specialist Daniel McCarthy ("McCarthy"), who is not a party to this action, submitted an affidavit in support of respondent's motion for summary judgment.

[3] Rivers is a correctional facility which is privately run by The GEO Group, Inc. McCarthy Decl. ¶ 6. The GEO Group and Rivers are responsible for handling the discipline of its inmates and are required to comply with the policy and procedures for inmate discipline set forth in 28 C.F.R. § 541 and Bureau of Prisons Program Statement 5270.08. Id. ¶ 7.

April 19, 2011, arguing that petitioner's action is without merit because petitioner's disciplinary convictions are valid. Although he was informed of respondent's motion, petitioner did not respond.

## STATEMENT OF FACTS

On June 2, 2010, petitioner was charged with possession of a hazardous tool (Code 108), refusing a staff order (Code 307), being in an unauthorized area (Code 316), and interfering with staff in performance of duties (Code 398) . McCarthy Decl. ¶ 9 and Attach. 3, p. 1. The incident report stated:

> On 6-01-10 at approximately 1135, I counselor K. Bowser ["Bowser"] was conducting rounds in all PODs. When I approached POD 3 cell 205 [petitioner] was in the cell. [Petitioner] is assigned to B3-204L. When [petitioner] saw me, he started fumbling in his pants as if he was hiding something. I directed [petitioner] to stand at the door until security arrived; so he could be searched. [Petitioner] then stated he had to use the bathroom. I gave [petitioner] another order to stand by until security arrived. [Petitioner] then moved towards the stool very quickly, pulled down his pants and pulled out an object and dropped it in the stool. I walked around to see what the object was (as he was trying to flush the stool.) I saw an object that appeared to be a MP3 player or cell phone with ear buds connected to it, which is a[] hazardous tool.

McCarthy Decl. Attach. 3, pp. 7-9.

Petitioner received a copy of the incident report on June 2, 2010. Id. Attach. 3, p. 10. The Unit Discipline Committee then reviewed petitioner's incident report, and the Committee referred the charges to the Rivers' Disciplinary Hearing Officer ("DHO") on June 3, 2010. Id. Attach. 3 p. 12.

On June 14, 2010, the DHO conducted a disciplinary hearing on petitioner's charges. Id. Attach. 3, pp. 1-4. Based upon the incident report, petitioner's statement, and a staff member's eye witness account, the DHO found petitioner guilty of disciplinary offenses as charged. Id. The DHO

2

then sanctioned petitioner with the disallowance of forty (40) days of his good conduct time and the forfeiture of sixty (60) days of non-vested good conduct time. Id. Attach. 3, p 3. Petitioner also was sanctioned with sixty (60) days in disciplinary segregation, as well as the loss of commissary, telephone, and visitation privileges. Id. Petitioner then was notified of his appellate rights. Id. at Attach. 3, p. 4.

The DHO's report and record was forwarded to the BOP's Privatization Management Branch for review and certification.[4] Id. ¶ 10. McCarthy subsequently received the DHO's packet for petitioner's disciplinary convictions. Id. ¶ 11. Upon a review of the packet, McCarthy certified the DHO's finding and sanctions. Id.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

---

[4] The BOP's Privatization Management Branch reviews and certifies actions of a DHO, in a contract facility, sanctioning a BOP inmate with the loss or disallowance of good conduct time. McCarthy Decl. ¶2. This process ensures compliance with Bureau of Prisons policy. Id.

3

B.  Analysis

Petitioner challenges disciplinary convictions that resulted in the loss of good conduct time, a period in disciplinary segregation, and the loss of various privileges. Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Due Process Clause of the Fifth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good conduct time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate only is entitled to these procedural protections when the conviction results in the loss of statutory good conduct time credits or where some other liberty or property interest is at issue. Id. Thus, petitioner may only challenge the loss of his good conduct time credits. Petitioner, however, may not challenge his disciplinary segregation or loss of commissary, telephone, and visitation privileges.

The court now turns to the merits of petitioner's due process claim. As stated, the Supreme Court has mandated certain procedural safeguards when loss of statutory good conduct time credit is at issue. See Wolff, 418 U.S. at 557. Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-566.

4

Petitioner's due process challenge focuses on his assertions that his convictions were not supported by any evidence of guilt and that the DHO did not consider the evidence he presented. Decisions by a disciplinary board to revoke good conduct time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted).

In this case, the disciplinary hearing officer based his guilty findings upon Officer Bowser's written statement regarding the incident. McCarthy Decl. Attach. 3, pp. 7-9. The disciplinary hearing officer also considered the following statement from petitioner:

> [Petitioner] said he did not follow Bowser's order to stand by the door because he had to go to the bathroom. He said he told Bowser he had to use the commode but Bowser kept ordering him to stand by the door. [Petitioner] said he went to the toilet and pulled down his pants. But he never had anything hidden in the pants and he never dropped anything into the commode. [Petitioner] said Bowser just said that because she new [petitioner] had a previous write up for having a cell phone so Bowser assumed [petitioner] had another phone. [Petitioner] said if Bowser had seen the phone in the commode, as she said, she could have just reached in and gotten it out of the commode. [Petitioner] said he flushed the commode because he had urinated into it. [Petitioner] said Maintenance did not find anything in the pipes and the cell phone would have been there if it were flushed. [Petitioner] said he does not understand why he is being charged with interfering with staff. The DHO asked if [petitioner] had a medical problem which would prevent him from being able to delay urinating. [Petitioner] said he did not have a medical problem but was nervous and that was why he could not wait.

5

Id. Attach. 3, p. 1.

From the above-stated evidence, the DHO found that petitioner admitted to being in an unauthorized area and refusing to obey staff orders. The DHO determined that petitioner presented no evidence to show how his explanation of having the urge to urinate prevented him from following staff orders. The DHO further found petitioner interfered with staff because he caused a delay in running the institution. The DHO based this finding on the fact that security supervisors had to leave other duties to attend to the issue and the fact that the incident delayed Bowser in completing her rounds of the PODs. Finally, the DHO found petitioner guilty of having a cell phone or MP3 player because Bowser observed petitioner attempting to flush the object. As for petitioner's evidence, the DHO found petitioner's defense unreasonable. Based upon the foregoing, the court finds that this evidence satisfies the "some evidence" standard. See, e.g., Hill, 472 U.S. at 454–56; Baker, 904 F.2d at 932.

As for the remaining Wolff requirements, petitioner received advance written notice of the disciplinary charges, and he received a written statement by the disciplinary hearing officer of the evidence relied on and the reasons for the disciplinary action. Accordingly, the court rejects petitioner's claim that his due process rights were violated in the disciplinary proceedings. Based upon the foregoing, respondent's motion for summary judgment is GRANTED.

6

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss, or in the alternative, for summary judgment (DE # 5) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 31st day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge